UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| ALVIN CHARLES HOLBROOK )<br>)<br>*Plaintiff*, )<br>)<br>v. )<br>)<br>)<br>CHEROKEE DISTRIBUTING CO., INC. )<br>)<br>*Defendant*. )<br>) | Case No. 3:06-CV-480<br>Chief Judge Collier |

**ORDER**

Before the Court is Plaintiff Alvin Holbrook's ("Plaintiff") motion to deny removal and to remand the matter back to state court (Court File No. 9). As grounds for this motion, Plaintiff argues 28 U.S.C. § 1445 bars this Court from hearing worker's compensation claims brought under state law and since state courts have concurrent jurisdiction over his Employee Retirement Income Security Act, 29 U.S.C. §§ 1001-1461 ("ERISA") claim, this case should be remanded to state court. Defendant Cherokee Distributing Co., Inc. ("Defendant") filed a brief in opposition to Plaintiff's motion arguing because of Plaintiff's claim under ERISA, this matter is properly before this Court and the statute Plaintiff cited as barring removal of his workers' compensation claim has no application to this case (Court File No. 14). For the following reasons, the Court **DENIES** Plaintiff's motion (Court File No. 9).

State and federal courts have concurrent jurisdiction to decide cases brought under ERISA. *See* 29 U.S.C. § 1132(e)(1). Nevertheless, a defendant may seek removal of the action to federal court as long as the substance of the litigation does not involve the limited exclusions from removal

listed in 28 U.S.C. § 1445. *LeTourneau v. Gen. Motors Corp.*, 24 Fed.App. 332, 334-35 (6th Cir. 2006). Under 28 U.S.C. § 1445(c), a civil action arising under state worker's compensation law cannot be removed to federal court. Claims based on retaliatory discharge, however, even if they are related to a worker's compensation claim, can be removed to federal court since they were judicially created, and as such, do not arise under the worker's compensation laws of Tennessee. *Nixon v. Waster Management, Inc.*, 156 Fed.Appx. 784, 787 (6th Cir. 2005). In this case, Plaintiff concedes ERISA is one of the two bases for his wrongful termination claim and acknowledges state and federal courts have concurrent jurisdiction over ERISA claims. Therefore, the only way Plaintiff can establish this case was improperly removed is to show his worker's compensation claim arises under state worker's compensation law.

In addition to Plaintiff's ERISA claim, he alleges he was terminated because his employer was afraid he would file a worker's compensation claim for an injury he suffered while on the job. (Court File No. 1, Compl. ¶ 15). Although Plaintiff had yet to file a worker's compensation claim, this is essentially a claim for retaliatory discharge. Consequently, Plaintiff's relief will not depend on resolution of a substantial question of worker's compensation law; instead, it will depend on the resolution of the common law principle of retaliatory discharge. Since Plaintiff's retaliatory discharge claim was judicially created, it does not arise under state worker's compensation law and was properly removed to federal court. Therefore, Plaintiff's motion to remand is **DENIED** (Court File No. 9).

**SO ORDERED.**

**ENTER:**

/s/
**CURTIS L. COLLIER
CHIEF UNITED STATES DISTRICT JUDGE**