UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

|  |  |  |
|---|---|---|
| ALVIN CHARLES HOLBROOK | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 3:06-CV-480 |
| v. | ) | |
| | ) | Chief Judge Collier |
| CHEROKEE DISTRIBUTING CO., INC. | ) | |
| Defendant. | ) | |
| | ) | |

**M E M O R A N D U M**

On November 21, 2006, plaintiff Alvin Charles Holbrook ("Plaintiff") filed a complaint

against defendant Cherokee Distributing Company, Inc. ("Defendant") in the Circuit Court for Knox

County, Tennessee (Court File No. 1-2). On December 19, 2006, pursuant to 28 U.S.C. § 1441, the

matter was removed to this Court (Court File No. 1).

December 22, 2006 was a busy day on the docket sheet for this case. Plaintiff filed a motion

to remand to state court (Court File No. 9). Defendant filed a motion to dismiss or in the alternative

for summary judgment and a supporting memorandum (Court File Nos. 6, 8). Plaintiff filed a

motion to strike (Court File No. 10) Defendant's memorandum, which was denied by this Court's

Order of January 25, 2007 (Court File No. 16). Plaintiff's motion to remand was likewise denied

(Court File No. 17).

On February 22, 2007, Plaintiff filed (1) a motion for joinder of parties (Court File No. 20),

(2) a motion to amend/revise the complaint (Court File No. 21), and (3) a response (Court File No.

22) to Defendant's motion to dismiss or for summary judgment (the "Response"). Defendant filed

a reply (Court File No. 23) to the Response, as well as Defendant's responses to the motion for joinder and the motion to revise the complaint.

All these motions are now ripe for review. For the following reasons, this Court **GRANTS** Defendant's motion to dismiss for Plaintiff's failure to state a claim (Court File No. 6). This case is **DISMISSED WITH PREJUDICE**.

## I.      BACKGROUND

Plaintiff is a Tennessee citizen. Defendant is a Tennessee corporation. From September 12, 1998[1] to August 30, 2005, Defendant employed Plaintiff as a sales representative (Court File No. 1-2, ¶¶ 1-4).

The complaint alleges Plaintiff was injured in the course of employment when struck by a keg (*id*. at ¶ 7).[2] Plaintiff avers he reported this incident to his supervisors, who "coerced" Plaintiff such that he did not make a workers' compensation claim (*id*.). Plaintiff was terminated on August 30, 2005 (*id*. at ¶ 11; Court File No. 22-2). Plaintiff alleges he was to be fully vested in Defendant's Employees' Profit Sharing Plan (the "Plan") as of September 1, 2005 (Court File No. 1-2, ¶ 10). Plaintiff alleges he was fired due to Defendant's concern he would file a workers' compensation claim and because he was about to vest fully in the Plan (*id*. at ¶¶ 15-16). Plaintiff asserts that it was Defendant's "common practice" to terminate employees when such employees came close to full

---

[1]In the Second Declaration of Herbert L. Ogle (Court File No. 23-2), attached to the reply to the Response to the motion to dismiss, Mr. Ogle states that Plaintiff was hired November 12, 1998 (*id*. at ¶ 10), rather than September 12, 1998, as Plaintiff alleges in the Complaint (Court File No. 1-2, ¶ 3). The Court finds this discrepancy immaterial.

[2] The date of this alleged incident is left blank in the complaint (Court File No. 1-2, ¶ 7).

vesting in the Plan (*id*.).

In his complaint, Plaintiff set out numbered paragraphs instead of specific counts.[3]  In the motion to dismiss, Defendant construes Plaintiff's complaint to assert four claims:

(1)     Retaliatory discharge based on the potential filing of a workers' compensation claim;

(2)     Wrongful discharge to prevent Plaintiff from becoming fully vested in the Plan;

(3)     Breach of contract pursuant to the Plan; and

(4)     Breach of contract for violations of company policies set forth in Defendant's employee handbook (the "Handbook").

(Court File No. 8, p. 1-2.)  In his Response to Defendant's motion, Plaintiff appears to accept this construction (Court File No. 22, ¶¶ 1-4).  Plaintiff concedes:

(1)     His retaliatory discharge claim is time-barred and must be dismissed;

(2)     His breach of contract claim pursuant to the Plan must be dismissed; and

(3)     His breach of contract claim based on the Handbook policies must be dismissed.

(*Id*.)  In light of this Response, the allegation remaining against Defendant is Plaintiff's claim of wrongful discharge and early termination to prevent his full vesting in the Plan (*id*. at ¶ 4).  Plaintiff agrees this is a claim pursuant to Section 510 of the Employee Retirement Income Security Act of

---

[3] For instance:
21. Mr. Holbrook avers that due to his wrongful termination by Cherokee that he was denied proper medical care and coverage . . .
22. Mr. Holbrook further avers that Cherokee breached his contract with him concerning the Employee Profit Sharing Plan, and that he was denied earned compensation from the Plan, as well as the benefit of full vesting in the Plan.
23. Mr. Holbrook further avers that he was denied full compensation for deferred earnings, and that Cherokee is liable to him for those earnings . . .
(Court File No. 1-2, ¶¶ 21-23.)

1974 ("ERISA"), 29 U.S.C. § 1140 (Court File No. 22, ¶ a). Therefore, the issue left before the Court is whether Plaintiff has stated a claim for which relief may be granted.

## II.    STANDARD OF REVIEW

Fed. R. Civ. P. 12(b)(6) provides that a complaint may be dismissed if it fails to state a claim upon which relief can be granted. In deciding whether to grant Defendant's Fed. R. Civ. P. 12(b)(6) motion, the Court construes the complaint in the light most favorable to Plaintiff and accepts all of Plaintiff's factual allegations as true. *Haines v. Kerner*, 404 U.S. 519 (1972); *Saglioccolo v. Eagle Ins. Co.*, 112 F.3d 226, 228 (6th Cir.1997). A complaint should not be dismissed for failure to state a claim unless it appears undoubtedly that the Plaintiff can prove no set of facts in support of his claims that would entitle him to relief. *Allard v. Weitzman*, 991 F.2d 1236, 1240 (6th Cir. 1993). The Court does not weigh evidence; rather, the Court's purpose is to examine the complaint to determine if Plaintiff pleaded a cognizable claim(s). *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988). The Court accepts as true factual allegations made by Plaintiff but is not required to accept legal conclusions or unwarranted factual inferences. *See Tritent Int'l Corp. v. Kentucky*, 467 F.3d 547, 554 (6th Cir. 2006).

To preclude dismissal under Fed. R. Civ. P. 12(b)(6), a complaint must contain either direct or inferential allegations which comprise all of the essential, material elements necessary to sustain a claim for relief under some viable theory of law. *Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 406 (6th Cir.1998); *Allard*, 991 F.2d at 1240; *Scheid*, 859 F.2d at 436.

## III.    ANALYSIS

As stated above, in the motion to dismiss Defendant contends that Plaintiff's wrongful

discharge claim is actually a claim under Section 510 of ERISA (Court File No. 8, p. 5-6) (citing

*Ingersoll-Rand Co. v. McClendon*, 498 U.S. 133, 137 (1990)).  Defendant argues this claim must

also be dismissed as having been filed beyond the statute of limitations (*id*. at p. 7).

For his part, Plaintiff agrees with Defendant that ERISA Section 510 governs this action;

however, Plaintiff argues his allegation is not time-barred.  Plaintiff avers the applicable statute of

limitations in this case is not Tennessee's statute of limitations applying to wrongful discharge

claims (Court File No. 22, ¶ b).  Plaintiff cites the statute of limitations governing contracts "not

otherwise expressly provided for." Tenn. Code Ann. § 28-3-109.  In the alternative, Plaintiff claims

the statute of limitations was tolled until February 23, 2006 because of Defendant's fraudulent

concealment (Court File No. 22, ¶¶ d, f).  Plaintiff argues Defendant would not have disclosed at the

time of Plaintiff's discharge that Defendant fired Plaintiff to deny his vested benefits (*id*. at ¶ g);

therefore, Plaintiff argues his injury was known to and concealed by Defendant and such fraudulent

concealment tolls the limitations period (*id*. at ¶¶ l-m).

> A.    Plaintiff's Claim Must Be Dismissed as Having Been Brought after the Statute of Limitations Had Run.

>> 1.    Tennessee's Statute of Limitations Governing Wrongful Discharge Applies to ERISA Section 510 Claims.

Defendant cites *Leemis v. Medical Services Research Group, Inc.*, 75 F. App'x 986 (6th Cir.

2003) and *Taylor v. Aramark Services Corp.*, 2004 WL 1854177 (E.D. Tenn. March 4, 2004) as

applying Tennessee's one year statute of limitations for wrongful discharge claims to claims under

ERISA Section 510.  ERISA provides no explicit statute of limitations for Section 510 claims.  In

the case where a federal law does not specify a limitations period a court will borrow the limitations

period from the state statute most closely and substantively resembling the federal action.  *Agency*

*Holding Corp. v. Malley-Duff & Assoc., Inc.*, 483 U.S. 143, 152 (1987). With Section 510, this time period varies per state. In this circuit and the state of Tennessee,[4] however, the law is quite clear: the one year statute of limitations set forth in Tenn. Code Ann. § 28-3-104 applies. *Leemis*, 75 F. App'x at 988; *Taylor*, 2004 WL 1854177 at *3; *Ellis v. Ford Motor Co.*, 1996 WL 435199, *1 (6th Cir. Aug. 1, 1996), 92 F.3d 1185 (table); *Taylor v. Goodyear Tire & Rubber Co.*, 1994 WL 573913, *1 (6th Cir. Oct. 17, 1994), 38 F.3d 1216 (table); *see also* George Lee Flint, Jr., *ERISA: Fumbling the Limitations Period*, 84 Neb. L. Rev. 313, 324 (2005) (collecting cases supporting the proposition "most circuit courts have settled on the statute of limitations for wrongful termination as the most analogous statute of limitations" to Section 510, including Sixth Circuit cases in Tennessee).[5]

    2.  Plaintiff Has Not Demonstrated Fraudulent Concealment to Toll the Statute of Limitations.

    a.  Claim Accrual under ERISA Section 510:

Defendant cites authority holding, in a wrongful discharge claim under Section 510, the cause of action accrues when the employee learns of his discharge (Court File No. 8, p. 8-9) (citing *Edes v. Verizon Commc'ns, Inc.*, 417 F.3d 133, 139 (1st Cir. 2005); *Myers v. Colgate-Palmolive Co.*, 26 F. App'x 855, 864 (10th Cir. 2002); *Tolle v. Carroll Touch, Inc.*, 977 F.2d 1129, 1138-41 (7th

---

[4]*See Weber v. Moses*, 938 S.W.2d 387 (Tenn. 1996) (holding tort of retaliatory discharge was governed by the one year statute of limitations found in Tenn. Code Ann. § 28-3-104; cause of action accrued when employee was told his employment contract was being terminated and not when actual termination took place).

[5]Plaintiff believes this statute "appl[ies] squarely to this issue" and "has been interpreted to apply to employment contracts and benefits issues in the past" (Court File No. 22, ¶ b) (citing *Moffitt v. Whittle*, 895 F. Supp. 961 (E.D. Tenn. 1995)). However, as Defendant correctly notes, *Moffitt* was dealing with a breach-of-contract claim pursuant to 29 U.S.C. § 1132(a)(1)(B) (Court File No. 23, p. 2). Here, Plaintiff concedes his breach-of-contract claim should be dismissed and that his last "live" claim arises pursuant to ERISA Section 510, 29 U.S.C. § 1140.

Cir.1992)).  Defendant suggests "the law is clear."  On the contrary, the United States Court of

Appeals for the Sixth Circuit has not had cause to address the issue.  However, the Court will follow

the Seventh Circuit's reasoning in *Tolle v. Carroll Touch, Inc.*, 977 F.2d 1129, as the Sixth Circuit

saw fit to rely on *Tolle* in determining the applicable statute of limitations for Section 510.  *See*, *e.g.*,

*Taylor v. Goodyear*, 1994 WL 573913 at *2.

In *Tolle*, the United States Court of Appeals for the Seventh Circuit evaluated what events

dictate accrual of a Section 510 claim.  977 F.2d at 1138-40.  The court began, following United

States Supreme Court precedent, by identifying the alleged unlawful conduct underlying the

plaintiff's claim.  *Id.* (citing *Del. State Coll. v. Ricks*, 449 U.S. 250, 250 (1980)).  The court next

considered the federal discovery rule, which suspends accrual until the injured party becomes aware

(or should become aware) of its injury.  *Id.* (citing *Cada v. Baxter Healthcare Corp.*, 920 F.2d 446,

450 (7th Cir. 1990)).  The court ultimately found, "[b]ecause the purpose of Section 510, like

intentional employment discrimination cases, is to prevent actions taken for an unlawful purpose,

it is the decision and the participant's discovery of this decision that dictates accrual."  *Id.* at

1140-41.  In other words, the Seventh Circuit held that Ms. Tolle's claim accrued when her

employer made the termination decision and communicated it to her.

Here, under the above rationale, this Court finds Plaintiff's claim accrued on the date he was

terminated for an allegedly wrongful reason and the date Defendant communicated such termination

to Plaintiff: August 30, 2005.

            b.      Fraudulent Concealment and Claim Accrual in the ERISA Context:

Plaintiff "claims an exemption [to the Court's finding that Plaintiff's claim accrued on the

date of his termination] . . . on the basis that the defendant knew about this cause of action and

deliberately and fraudulently concealed it" (Court File No. 22, ¶ d).  Plaintiff refers to his motion

to amend the complaint (Court File No. 21), which attached a bank statement from Plaintiff's

account (Court File No. 21-2).  This statement reflects a "Deposit by Check Rollover Contribution"

of $24,383.31, entered on February 23, 2006 (*id*. at p. 4).  Plaintiff claims this statement and deposit

prove the date Plaintiff received his final distribution from the Plan (Court File No. 22, ¶ f), and the

date he discovered he was not fully vested.  Plaintiff seeks to amend Paragraph 14 of the complaint

to reflect this date (*id*.; Court File No. 21, ¶ 7).  If this Court allows such revision, Plaintiff's cause

of action would not be time-barred.  However, Plaintiff provides no further explanation but states

only this information "recently came to light" and may be confirmed by Defendant's records (Court

File No. 21, ¶¶ 6, 7).

That Plaintiff did not realize his alleged injury was actionable does not affect the date of

accrual of the claim.  *Chapman v. Homco*, 886 F.2d 756, 758 (5th Cir. 1989).  However, by alleging

fraudulent concealment Plaintiff raises an issue of whether the statute of limitations should be

tolled.[6]  Plaintiff cites dated authority from Tennessee law; this Court has found more recent ERISA

Section 510 cases in which fraudulent concealment has been held to toll the statute of limitations.

---

[6]When a state statute of limitations is borrowed, the state tolling rules are usually also
borrowed, to the extent they are not inconsistent with federal policy.  *Jones v. Shankland*, 800 F.2d
77, 80-81 (6th Cir. 1986) (1983 action) (citing *Bd. of Regents of the Univ. of New York v. Tomanio*,
446 U.S. 478, 485 (1980).  Federal law governs claim accrual.  *Cada v. Baxter Healthcare Corp.*,
920 F.2d 446, 450 (7th Cir. 1990) (relying on *Del. State Coll. v. Ricks*, 449 U.S. 250 (1980)).  Some
cases considering fraudulent concealment as a tolling mechanism cite only federal law and do not
distinguish between state and federal tolling (in *Cada* for example Judge Posner does not cite state
law).  This Court finds fraudulent concealment (also known as equitable estoppel) has been found
to toll ERISA Section 510 and also Tennessee wrongful termination actions, and similar analyses
have been applied.  *Compare Tolle v. Carroll Touch, Inc.*, 977 F.2d 1129, 1138-40 (7th Cir.1992)
*with Amini v. CTI Pet Sys.*, 2006 WL 1072149 (Tenn. Ct. App. Apr. 24, 2006); *Fahrner v. SW
Manufacturing, Inc.*, 48 S.W.3d 141, 144-46 (Tenn. 2001)

*See Berry v. Allstate Ins. Co.*, 252 F. Supp. 2d 336, 340-42 (E.D. Tex. 2003), *aff'd* 84 F. App'x 442

(5th Cir. 2004) (citing *Teumer v. Gen. Motors Corp.*, 34 F.3d 542, 550 (7th Cir. 1994); *Heideman*

*v. PFL, Inc.*, 904 F.2d 1262, 1267 (8th Cir. 1990)); *see also Christopher v. Mobil Oil Corp.*, 149

F.R.D. 549, 551 (E.D. Tex. 1993).

"Fraudulent concealment," a sub-doctrine of equitable estoppel, is "invoked in cases where

the defendant takes active steps to prevent the plaintiff from suing in time." *Bridgeport Music, Inc.*

*v. Diamond Time, Ltd.*, 371 F.3d 883, 891 (6th Cir. 2004) (citing *Hentosh v. Herman M. Finch*

*Univ.*, 167 F.3d 1170, 1174 (7th Cir. 1999); *EEOC v. Ky. State Police Dep't*, 80 F.3d 1086, 1095

(6th Cir. 1996); *Cada*, 920 F.2d at 450-51 (7th Cir. 1990)). In *Cada*, Judge Posner noted that

equitable tolling and equitable estoppel are sometimes mistakenly collapsed into one concept. 920

F.2d at 450-51. However,

> Fraudulent concealment in the law of limitations presupposes that the plaintiff has
> discovered, or, as required by the discovery rule, should have discovered, that the
> defendant injured him, and denotes efforts by the defendant - above and beyond the
> wrongdoing upon which the plaintiff's claim is founded - to prevent the plaintiff
> from suing in time.

*Id*. at 451. If this distinction is lost, the substantive wrong may be unwittingly merged with the

tolling doctrine; this "implies that a defendant is guilty of fraudulent concealment unless it tells the

plaintiff, 'We're firing you because of your age.' It would eliminate the statute of limitations in age

discrimination cases." *Id*., *accord Allen v. Diebold, Inc.*, 807 F. Supp. 1308 (N.D. Ohio 1992).

Here, Plaintiff does not allege or offer proof that Defendant took active steps above and

beyond the wrong-doing upon which Plaintiff's claim is founded to prevent Plaintiff from suing in

time. Plaintiff claims Defendant fired him to prevent his full vesting. The "fact" Defendant did not

pay Plaintiff his allegedly vested benefits is part and parcel of this claim and not a separate action

on Defendant's part to prevent Plaintiff from timely filing a lawsuit.  This case is similar to *Berry*

*v. Allstate Insurance Co.*, 252 F. Supp. 2d 336 (E.D. Tex. 2003), in which the district court found

> Plaintiffs make the conclusory assertion that they did not become aware of the alleged fraudulent scheme 'until within two years of the filing of the Complaint,' but they do not specify when or how they learned of the alleged fraud. . . . [T]here is no proof submitted by Plaintiffs showing that they have discovered any facts in the past two years that they did not already know . . .

*Id*. at 344-45.

Moreover, fraudulent concealment requires Plaintiff to show (1) Defendant engaged in a

course of conduct designed to conceal evidence of Defendant's alleged wrongdoing and (2) Plaintiff

was not on actual or constructive notice of that evidence, despite (3) his exercise of due diligence.

*Schaefer v. Ark. Med. Soc.*, 853 F.2d 1487, 1491-92 (8th Cir. 1988); *Bridgeport Music*, 371 F.3d at

891.  "The doctrine of fraudulent concealment focuses on whether the plaintiff has exercised due

diligence in seeking to learn the facts which would disclose the fraud."  *Berry*, 252 F. Supp. 2d at

344 (citing *L.C.L. Theatres v. Columbia Pictures Indus.*, 566 F.2d 494, 496 (5th Cir. 1978);

*Christopher*, 149 F.R.D. at 551; *Humphrey v. J.B. Land Co.*, 478 F. Supp. 770, 772 (S.D. Tex.

1979)).

Plaintiff alleges: (1) Defendant would not have disclosed its motive or intent to deny Plaintiff

his vested benefits when it fired him; (2) "[s]aid motives were fraudulently concealed," (3) Plaintiff

has knowledge "it was a common practice for [Defendant] to terminate employees when they

approached the time of becoming fully vested"; and (4) "therefore, the cause of action was known

to the defendant in this matter and was deliberately concealed [by] [*sic*] the defendant."  (Court File

No. 22, ¶¶ g-l.)  Thus, in his allegations, Plaintiff admits he was on notice of Defendant's alleged

practice.  The Court also again points out that Plaintiff provides no additional information as to how

and why, exactly, the February 23, 2006 date of his Plan rollover "came to light." By the Plan's

terms, Plaintiff would have had to consent to this distribution before it was made (Court File No.

8-2, Art. V, p. 11). In other words, Plaintiff knew or could have known in the exercise of reasonable

diligence of this amount prior to February 23, 2006. Without additional explanation from Plaintiff,

this Court finds no basis for (1) applying the doctrine of equitable estoppel/fraudulent concealment

to toll the statute of limitations, or (2) for granting Plaintiff leave to revise his complaint.

Accordingly, Plaintiff's motion to revise (Court File No. 21) is **DENIED** as futile.

> B.     In the Alternative, Plaintiff's Claim Must Be Dismissed as Plaintiff Has Neither
> Made     a *Prima Facie* Case for ERISA Section 510 nor Demonstrated He Has Suffered an
>         Injury.

Plaintiff alleges he was wrongfully terminated to prevent his full vesting in Defendant's

Employees' Profit Sharing Plan. Plaintiff concedes his claim is brought under ERISA Section 510,

which provides in pertinent part:

> It shall be unlawful for any person to discharge, fine, suspend, expel, discipline, or
> discriminate against a participant or beneficiary for exercising any right to which he
> is entitled under the provisions of an employee benefit plan . . . or for the purpose of
> interfering with the attainment of any right to which such participant may become
> entitled under the plan . . .

29 U.S.C. § 1140. Since usually there is no direct evidence of an employer's "wrongful" motive in

terminating an employee, most courts employ a *Burdine* burden-shifting approach in a Section 510

case. *See Humphreys v. Bellaire Corp.*, 966 F.2d 1037, 1043 (6th Cir. 1992) (*citing Tex. Dep't of*

*Cmty. Affairs v. Burdine*, 450 U.S. 248 (1981); *Conkwright v. Westinghouse Elec. Corp.*, 933 F.2d

231, 239 (4th Cir. 1991); *Dister v. Cont'l Group, Inc.*, 859 F.2d 1108, 1112 (2d Cir. 1988); *Gavalik*

*v. Cont'l Can Co.*, 812 F.2d 834, 852 (3rd Cir. 1987)). Under this approach, the employee must

establish a *prima facie* case, after which the employer may rebut the presumption of impermissible

intent by introducing evidence of a legitimate justification for plaintiff's termination, then the burden

then shifts back to the employee-plaintiff to show the employer's proffered reason was a pretext for

purposeful interference with the employee's rights. *Smith v. Ameritech*, 129 F.3d 857, 865 (6th Cir.

1997) (citing *Humphreys*, 966 F.2d at 1043). The employee must "either prove that the interference

was a motivating factor in the employer's actions or prove that [the] employer's proffered reason

is unworthy of credence." *Smith*, 129 F.3d at 865 (quoting *Shahid v. Ford Motor Co.*, 76 F.3d 1404,

1411 (6th Cir. 1996)). Despite "the shifting burdens of production, the plaintiff retains the burden

of persuasion throughout the issue on the ultimate issue" – he was injured by Defendant's purposeful

interference with his ERISA rights. *McDonald v. U.S. Xpress, Inc.*, Case No. 1:02-CV-271, 2004

U.S. Dist. LEXIS 10176, *13 (E.D. Tenn. Mar. 3, 2004) (Judge Edgar).

To state a *prima facie* case under Section 510, a plaintiff must demonstrate (1) prohibited

employer conduct (2) taken for the purpose of interfering (3) with the attainment of any right to

which the employee may have become entitled. *Humphreys.*, 966 F.2d at 1043 (citing *Gavalik*, 812

F.2d at 852). A plaintiff must demonstrate the employer's specific intent to violate ERISA. *Id*. In

addition, a plaintiff must prove, as an essential element of such plaintiff's claim, that defendant's

intent was to interfere with an ERISA-protected right to which such plaintiff was entitled. *McGann*

*v. H & H Music Co.*, 946 F.2d 401, 405 (5th Cir. 1991) (dismissing claim because plaintiff failed

to adduce evidence of the existence of an ERISA entitlement); *Bodine v. Emplrs. Cas. Co.*, 352 F.3d

245, 251 (5th Cir. 2003) (the "requirement for 'entitlement' to a § 510 action is only satisfied if the

employer has promised the employee a benefit that is eventually denied").

*Humphreys* set a relatively low bar for a plaintiff to meet to make a Section 510 *prima facie*

case. In *Humphreys*, the plaintiff (1) provided evidence of his discharge and (2) testified that his

pension would have vested in two months. 966 F.2d at 1044. "Although it is no more than the bare minimum that a plaintiff must show to meet the *prima facie* case threshold, in this case it satisfies that low threshold because, examining only [Plaintiff's] evidence, the proximity to vesting provides at least some inference of intentional, prohibited activity." *Humphreys*, 966 F.2d at 1043-44.

At first, Plaintiff's case looks like it satisfies this low threshold. Plaintiff averred (1) he was discharged and (2) he was due to fully vest in Defendant's Profit Sharing Plan two days after his termination (Court File No. 1-2, ¶¶ 10-11, 14-15). However, this case is distinguishable from *Humphreys* because, in filing its motion to dismiss, Defendant attached as an exhibit the Plan's Summary Plan Description ("SPD"), along with an affidavit of Herbert L. Ogle, Defendant's Chief Financial Officer (Court File No. 8-2). Defendant submits that Plaintiff was fully vested in the Plan (*id*. at ¶ 10-13). Plaintiff did not address this claim in the Response (Court File No. 22). The Court reviewed the Plan's language and absent any refutation from Plaintiff, under this language, it appears to this Court that Plaintiff was fully vested under the Plan. Thus, Plaintiff cannot show Defendant fired Plaintiff to prevent his vesting, and therefore Plaintiff cannot make a *prima facie* case under ERISA Section 510.

In fact, Plaintiff cannot show *any* cognizable injury for which this Court could grant relief. Under the facts currently on record, Defendant terminated an at-will employee—well within Defendant's rights—and Plaintiff cannot claim to have suffered an injury (as to this allegation) if he was fully vested in the Plan. Plaintiff has failed to state a claim upon which relief may be granted; Plaintiff has failed to address all of the essential, material elements necessary to sustain a claim. *Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 406 (6th Cir.1998); *Allard*, 991 F.2d at 1240; *Scheid*, 859 F.2d at 436.

## IV. CONCLUSION

In sum, Plaintiff's complaint must be dismissed, as Plaintiff filed it after the statute of limitations expired. Plaintiff has not sufficiently demonstrated that Defendant fraudulent concealed the cause of action or that Plaintiff was not actively or constructively aware of his claim, to justify this Court's tolling the limitations period. Moreover, Plaintiff has failed to state a claim upon which this Court might grant relief, because Plaintiff (1) has not suffered a cognizable injury, (2) evidenced an ERISA entitlement with which Defendant interfered, or (3) demonstrated Defendant terminated his employment for an impermissible reason in order to establish a prima facie Section 510 case.

For the foregoing reasons, this case is **DISMISSED WITH PREJUDICE**. An order will enter.

**/s/**
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**